IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMBER RENEE WILLIAMS AS ADMINISTRATOR OF THE ESTATE OF DANIEL TERRY WILLIAMS<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH HEADLEY, CHARLES MCKEE, CHARMELLE LUCKIE, and JOHN HAMM,<br><br>Defendants. | Civil Action No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through undersigned Counsel, and complains of the Defendants as follows:

### INTRODUCTION

1. This is a complaint made on the basis of serious violations of 42 U.S.C. § 1983 resulting in the wrongful death of Daniel Terry Williams. Plaintiff brings this claim to redress the deprivation of Daniel Williams' rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution at the hands of those charged with his care resulting in the days-long brutal torture, assault, and ultimate death. Plaintiff seeks monetary damages, punitive damages, and attorneys' fees and costs.

### JURISDICTION AND VENUE

2. The Federal claims in this action arise under the Constitution of the United States' Fourth Amendment, Eighth Amendment, and Fourteenth Amendment's prohibition against Cruel and

1

Unusual Punishment and the Fourteenth Amendment for procedural due process pursuant to 42 U.S.C. § 1983. The state law claims arise under Alabama's wrongful death statute.

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343, as well as any claims seeking relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 57 and 65. This Court has authority to award costs and attorneys' fees under 42 U.S.C. § 1988.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(1) & (b)(2). A substantial part of the events and omissions giving rise to the claim in this action occurred in this district.

5. All claims in this action are timely filed by the Administrator of Daniel Terry Williams' estate within two years of his death pursuant to Ala. Code § 6-5-410(d).

## PARTIES

6. Plaintiff Amber Renee Williams is a female citizen of the state of Alabama and has been appointed the Administrator of the Estate of Daniel Terry Williams. Plaintiff Amber Renee Williams is the mother of Daniel Williams' surviving daughter. As Administrator of the Estate of Daniel Terry Williams, Plaintiff Amber Renee Williams has authority to sue in her representative capacity.

7. Daniel Terry Williams was twenty-two years old at the time of his death. Daniel Williams was serving a one-year sentence for assault and theft. While serving his sentence, Daniel Williams was held hostage by another inmate for approximately three days. During the time he was held hostage, he was brutally tortured, assaulted, and raped starting on or around October 19, 2023 while at Staton Correctional Facility. As a result of the heinous acts and Defendants' deliberate indifference to his safety and wellbeing, Daniel Williams was left brain dead and ultimately passed away on November 9, 2023.

2

8. Defendant Joseph Headley is a Correctional Warden at Staton Correctional Facility. At all times relevant to the events at issue in this case, Defendant Headley was serving in the capacity of Correctional Warden, and as such, was acting under the color of law. Defendant Headley is legally responsible for the operation of the Staton Correctional Facility and for the welfare of all the inmates of that prison.

9. Defendant Charles McKee is a Correctional Warden at Staton Correctional Facility. At all times relevant to the events at issue in this case, Defendant McKee was serving in the capacity of Correctional Warden, and as such, was acting under the color of law. Defendant McKee is legally responsible for the operation of the Staton Correctional Facility and for the welfare of all the inmates of that prison.

10. Defendant Charmelle Lucki is a Correctional Warden at Staton Correctional Facility. At all times relevant to the events at issue in this case, Defendant Lucki was serving in the capacity of Correctional Warden, and as such, was acting under the color of law. Defendant Lucki is legally responsible for the operation of the Staton Correctional Facility and for the welfare of all the inmates of that prison.

11. Defendant John Hamm is the Commissioner of the Alabama Department of Corrections ("ADOC"). Defendant Hamm was appointed Commissioner on January 1, 2022, and was at all times relevant to the events at issue in this case, serving in the capacity of Commissioner, and as such, was acting under the color of law. Defendant Hamm is legally responsible for the operation of all Alabama correctional facilities, including the Staton Correctional Facility, and for the welfare of all the inmates in the Alabama correctional facilities.

12. Each Defendant is sued individually and in their official capacity.

13. In addition to these named Defendants, Plaintiff will amend this Complaint when the true names and identities of the additional participating Correctional Officers are accurately ascertained by further discovery. Upon information and belief, the internal investigation relating to this action remains ongoing and thus each and every name and identity of individuals involved are unknown at this time.

## FACTUAL BACKGROUND

### I. The Staton Correctional Facility & The Department of Justice Report

14. On or around November 9, 2023, Daniel Williams was an inmate at the Staton Correctional Facility.

15. The dangerous conditions in Alabama's prisons are well known to Defendants and well documented.

16. On April 19, 2019, the Department of Justice issued a report ("The Report") of its investigation on the conditions of Alabama's prisons.[1]

17. The Report indicates there is reasonable cause to believe that the conditions at the Staton Correctional Facility violated the United States Constitution. The 56-page Report indicates significant understaffing and overcrowding at prison facilities as key factors that lead to physical and sexual violence between inmates. Plaintiff avers that these conditions exist at Staton and caused or contributed to Daniel Williams' death.

18. On December 9, 2020, after continued safety violations, and a year and a half after The Report, the Department of Justice filed suit against the State of Alabama and ADOC alleging the conditions at Alabama's prisons for men continue to violate the Constitution because Alabama

---

[1] Press Release with link to The Report, "Justice Department Alleges Conditions in Alabama Men's Prisons Violate the Constitution". https://www.justice.gov/opa/pr/justice-department-alleges-conditions-alabama-mens-prisons-violate-constitution.

fails to provide protection from prisoner-on-prisoner violence and prisoner-on-prisoner sexual abuse, fails to provide safe and sanitary conditions, and subjects prisoners to excessive force at the hands of prison staff.[2]

19. Staton Correctional Facility is a medium-security, or Security Level IV, prison for men in Elmore, Alabama with a designed capacity of approximately 508 men. At the time of Daniel Williams' attack in October 2023, Staton reported housing roughly 1,394 inmates, 275% more than the designed capacity, and reported fourteen assaults that month.[3]

20. The Department of Justice's Report also noted that ADOC misclassified deaths as "natural causes" that were potentially unnatural deaths thereby underreporting the extent of violence in this case.

21. The Report further discussed that the Alabama Department of Corrections often failed to protect inmates from violence even when they were previously warned of threats to inmate's safety.

22. Despite being apprised of these conditions, Defendants acted with deliberate indifference to the care and safety of inmates like Daniel Williams and took no action to remedy the conditions at Staton Correctional Facility.

## II. Daniel Terry Williams

23. Daniel Terry Williams entered the ADOC prison system on or around July 25, 2023 as inmate # 334618, after pleading guilty to assault and theft charges. Daniel Williams was sentenced

---

[2] Press Release with link to the complaint, "Justice Department Files Lawsuit Against the State of Alabama for Unconstitutional Conditions in State's Prisons for Men". https://www.justice.gov/opa/pr/justice-department-files-lawsuit-against-state-alabama-unconstitutional-conditions-states.

[3] Alabama Department of Corrections Monthly Statistical Report for October 2023. https://doc.alabama.gov/docs/MonthlyRpts/October%202023.pdf.

to serve one year in prison, with some time served. During his sentence, he was transferred to three different prisons, the last prison being Staton Correctional Facility.

24. Around four days before the brutal attack began, Daniel Williams posted the following on Facebook:



Daniel Williams was set for release on November 9, 2023. Tragically however, November 9, 2023 became the day that Daniel Williams was taken off life support and passed away.

25. Prior to his passing, on or around October 22nd, Daniel Williams' family was contacted by Defendant Headley, the Warden at Staton, and told that Williams had overdosed on drugs. However, when the family arrived at the hospital after the alleged overdose, they found their son had been severely beaten and had apparent restraint marks on his wrists. Additionally, Daniel Williams had indentations in his head that appeared to be from the beatings to which he had been subjected.[4]

26. The family has since learned through other inmates and investigations that Daniel Williams had been tied up, held hostage in a corner of a housing dormitory, forced to consume drugs against his will, beaten, assaulted, and repeatedly raped for at least two days until he was unconscious starting on October 19th.

---

[4] https://www.foxnews.com/us/alabama-dad-allegedly-tortured-killed-prison-left-eerie-final-facebook-post-weeks-before-planned-release.

6

27.    During this time, and upon information and belief, no headcounts of inmates in the open bay dormitories were conducted that would indicate an issue to the guards. In fact, after days of repeated torture and assault, Daniel Williams was found in a dormitory to which he was not assigned. Daniel Williams was found in inmate Lamont Wilson's bed.

28.    On October 22nd, upon information and belief, another inmate reported Williams' ongoing attack to the guards. Shortly thereafter, Daniel Williams was found unresponsive on Lamont Wilson's assigned bed. Upon further information and belief, Lamont Wilson acted in concert with at least two other inmates and at his direction and control in carrying out the brutal murder of Daniel Williams. By the time he was found in Lamont Williams' bed, Daniel Williams was unconscious, or nearly unconscious, and transported to a medical facility. Daniel Williams was pronounced dead on November 9, 2023.

### III. The Suspect, Lamont Wilson, And the Failure of the Alabama Department of Corrections Reporting System

29.    The suspect, Lamont Montel Wilson, inmate # 255290 has a notorious history of violent criminal acts in the Alabama prison system.

30.    Between 2017 and 2022, nine (9) separate inmate reports were made against Lamont Wilson for sexual assault, some involving additional violence such as stabbing. These reported assaults occurred at Donaldson, Fountain, Ventress, Bullock, and Limestone Correctional Facilities.[5]

31.    Despite inmates reporting these sexual assaults, Lamont Wilson did not receive any disciplinary reports. In fact, the most recent disciplinary report prior to Daniel Williams' death is dated July 9, 2018 for possession of a weapon.

---

[5] Alabama Department of Corrections Classification Summary, attached hereto as Exhibit A.

32. Thus, while ADOC received numerous reports of rampant sexual violence against other incarcerated men, it failed to take disciplinary measures that would have resulted in Wilson being placed in segregation, away from Daniel Williams.

33. Remarkably, an ADOC risk assessment conducted on October 13, 2023, roughly nine days *before* the attack on Daniel Terry Williams, gives Lamont Wilson a perfect score of zero for the category of "History of Institutional Violence" for his last five years. ADOC also gave Lamont Wilson another perfect zero score for "Most Severe Disciplinary Report Received (Last 18 months)".[6] These scores resulted in a recommendation that he remain in medium-security custody, housed in an open bay dorm at Staton where he would continue to have free rein to continue violently sexually assaulting and raping other inmates.

34. In truth, ADOC's own classification summary lists reports for (1) selling drugs and threatening someone in debt with violence, (2) placing a "hit" on another inmate, (3) sexually assaulting another inmate at Donaldson, and (4) raping an inmate at Fountain, all occurring within the eighteen (18) months preceding Daniel Terry Williams' death.

35. The ADOC risk assessment recommendation was approved by the warden and the psych associate.

36. Despite the early story of a drug overdose, the Alabama Department of Corrections made a subsequent, inaccurate statement that Williams was "discovered" unresponsive in his dorm and was transported to the health care unit.

37. Each Defendant named herein had personal and particular knowledge of the dangers of Staton Correctional Facility and of the dangers of keeping Lamont Wilson in an open-bay dorm in a medium security facility. Each Defendant, on each level, chose not to take investigative or

---

[6] *Id.*

corrective action in the numerous reports of violence, including sexual assault and rape against Lamont Wilson at five different prisons in the ADOC system.

38. Despite the Report and complaint filed by the Department of Justice of which Defendants were aware, Defendants did not implement any programs at Staton to decrease violence. Likewise, Defendants did not change any policies or procedures to decrease violence or address the unsafe conditions.

39. Defendants were further aware that Staton was overcrowded and understaffed and did not implement any policy changes to address the understaffing and overcrowding at Staton.

40. Defendants failed to keep Daniel Williams reasonably safe.

## CAUSES OF ACTION

### COUNT I

### DELIBERATE INDIFFERENCE TO DANIEL TERRY WILLIAMS' FOURTH, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS UNDER 42 U.S.C. § 1983

41. Plaintiff hereby incorporates by reference the factual allegations contained in paragraphs 1-40 as if fully set forth herein.

42. Through the acts and omissions alleged in this Complaint, Defendants subjected Daniel Williams to a pattern or practice of conditions and confinement that deprived him of the rights, privileges, and immunities secured and protected by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, causing him grievous harm which ultimately led to this death.

43. Through the acts and omissions alleged in this Complaint, Defendants have exhibited deliberate indifference to the health and safety of Daniel Williams, in violation of the rights, privileges, and immunities of Daniel Williams as secured or protected by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

9

44. Defendants' actions, and lack thereof, were not conducted in good-faith and were in violation of clearly established Constitutional law and prison policies and procedures. Their actions, and lack thereof, were unreasonable, unlawful, and unjustified.

45. Defendants acted under color of state or local law.

46. Each Defendant stood by idly, failing to take reasonable, and available, steps to avoid the likelihood of harm, in light of the Report from the Department of Justice, knowing that their inaction could result in serious bodily harm to Daniel Williams. Each of the Defendants was aware, or should have been aware, of the following information and failed to act or intervene in the following ways:

  a. Defendants Joseph Headley, Charles McKee, and Charmelle Luckie were the Correctional Wardens during this time. They knew or should have known of the massive overcrowding within the Staton Correctional Facility. Defendants knew or should have known of Lamont Wilson's recent violent attacks on other inmates and the days-long brutal torture occurring on Daniel Williams during routine checks.

  b. Defendant John Hamm was the Commissioner for the Alabama Department of Corrections and knew or should have known of the massive overcrowding, real risk of safety, and other unsafe conditions occurring within the prison system he oversaw, and specifically the Staton Correctional Facility. Despite the Department of Justice's findings, Defendant Hamm took no actions to remedy those violations which may have saved Daniel Williams' life. Defendant Hamm knew or should have known of the reporting failures and inadequacies leading to inmates such as

   Lamont Wilson being left in medium security areas and transferred to different facilities instead of elevated to high security areas.

 c. The brutal assault and torture of Daniel Williams occurred over at least two days during which the Defendants failed to intervene at any level, whether by headcount checks, assigned inmate dormitory checks, or any other means within their control and/or at their disposal.

47. As a result of Defendants' actions and inactions, Defendants caused Daniel Williams to suffer substantial harm, including, but not limited to, physical pain, mental and emotional distress, and, ultimately, his death.

48. Defendants' failures to take any steps to reasonably ensure Daniel Williams' safety constituted a continuing violation of Williams' Fourth and Eighth Amendment rights, as incorporated against, as incorporated against the states by the Fourteenth Amendment.

49. As a direct and proximate result of Defendants' unreasonable and unlawful actions, Daniel Williams suffered and died, and his estate is entitled to substantial damages, including, but not limited to, any and all damages allowed pursuant to wrongful death. Plaintiff is further entitled to punitive damages.

## COUNT II

**FAILURE TO PROTECT UNDER THE EIGHTH AMENDMENT, 42 U.S.C. § 1983**

50. Plaintiff hereby incorporates by reference the factual allegations contained in paragraphs 1-49 as if fully set forth herein.

51. Defendants were aware of the substantial risk of serious harm to Daniel Williams; including that severe overcrowding and unsafe conditions existed generally, and specifically,

allowing an inmate known by the prison system to be a substantial danger to inmates like Daniel Williams, leading to lack of adequate supervision over the inmates at Staton Correctional Facility.

52. Specifically, Defendants were aware of a spike of assaults and other disciplinary issues occurring in October 2023, the same month that Daniel Williams was brutally assaulted and tortured.

53. Defendants exhibited a conscious and callous indifference to that risk.

54. Even more specifically, Defendants knew of Lamont Wilson's prior acts of violence and did not change his medium security level and instead kept him in an open bay dormitory setting where he would have free rein over other inmates.

55. Not a single Defendant intervened or acted to protect Daniel Williams in a manner taking into account the recent spike of incidents and the Department of Justice report or in light of Lamont Wilson's prior incidents.

56. Each Defendant stood by idly, failing to properly supervise and protect, and failing to take reasonable steps to avoid the likelihood of great harm to the inmates.

57. Defendants' actions and inactions caused Daniel Williams to suffer substantial harm, including, but not limited to physical pain, mental and emotional distress, and ultimately his death.

58. The brutal assault and torture of Daniel Williams occurred over at least two days during which the Defendants failed to intervene at any level, whether by headcount checks, assigned inmate dormitory checks, or any other means within their control and/or at their disposal.

59. Defendants' ongoing failure to take any steps to ensure and protect Daniel Williams' safety constituted a continuing violation of Williams' Eighth Amendment rights, as incorporated against the states by the Fourteenth Amendment.

60.     As a direct and proximate result of Defendants' unreasonable and unlawful actions, Daniel Williams suffered and died, and his estate is entitled to substantial damages, including, but not limited to, any and all damages allowed pursuant to wrongful death. Plaintiff is further entitled to punitive damages.

## COUNT III

### SUPERVISORY LIABILITY – FAILURE TO SUPERVISE PURSUANT TO 42 U.S.C. § 1983

61.     Plaintiff hereby incorporates by reference the factual allegations contained in paragraphs 1-60 as if fully set forth herein.

62.     Defendant Headley was the Warden of Staton who was responsible for managing the work of lower-ranked officers and staff at Staton, and Defendant Hamm was the Commissioner at ADOC, responsible for ensuring the safety and constitutional administration of its facilities.

63.     Defendants Headly and Hamm had a custom or practice of allowing ADOC to underreport, understaff and over-house Alabama prisons, as well as a custom or practice of misclassifying deaths as natural causes or "overdoses" that were unnatural or not occurring due to an overdose which allowed Defendants to underreport the violence in Alabama prisons.

64.     The Department of Justice's Report on ADOC put Defendants Headley and Hamm on notice of substantial risk of serious harm to inmates has Daniel Williams and the need to correct the deprivation of rights to Staton Correctional Facility inmates, and Daniel Williams in particular.

65.     Defendants Headley and Hamm knew, or should have known, that the correctional officers at Staton would place Daniel Williams in harm's way and failed to stop them from doing so.

66.     In doing so, Defendants Headley and Hamm allowed each and every agent of Staton to violate the constitutional rights of the inmates of Staton Correctional Facility, including Daniel Williams.

67. Defendants Headley and Hamm's policy and practice, actual or constructive knowledge of the danger to Daniel Williams, and complete failure to act to protect Daniel Williams, was a proximate cause of Daniel Williams' injuries and ultimately, his death.

## COUNT IV

### WRONGFUL DEATH

68. Plaintiff hereby incorporates by reference the factual allegations contained in paragraphs 1-67 as if fully set forth herein.

69. The acts, omissions, and conduct of all Defendants jointly and severally were undertaken with reckless disregard of the consequences their actions and inactions would have on Daniel Williams.

70. Each of Defendants' actions and omissions were proximate cause of Daniel Williams' death.

71. Plaintiff Amber Renee Williams, acting as Administrator for Daniel Williams' estate, asserts this claim against the Defendants to recover damages permitted by Alabama Code § 6-5-410. As a direct and proximate result of Defendants' unreasonable and unlawful actions, Daniel Williams suffered and died, and his estate is entitled to substantial damages, including, but not limited to, any and all damages allowed pursuant to wrongful death. Plaintiff is further entitled to punitive damages.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) Grant Plaintiff a trial by jury as to all triable issues of fact;

(b) Grant Plaintiff leave to add additional parties as the investigation into Daniel Terry Williams' continues;

(c) Compensatory damages, including damages for mental and emotional suffering caused by Defendants' misconduct;

(d) Punitive damages based on Defendants' willful, malicious, intentional and deliberate acts, including ratification, condonation and approval of said acts;

(e) Award Plaintiff interest to commence from injury;

(f) Grant other such relief as law and equity allows, including costs and reasonable attorney's fees under 42 U.S.C. § 1988.

(g) All other relief to which Plaintiff may be entitled.

Respectfully submitted this 16th day of December, 2024.

/s/ Kirby D. Farris
Kirby D. Farris
Calle M. Mendenhall
**FARRIS RILEY & PITT, LLP**
1728 Third Avenue North
Fifth Floor
Birmingham, AL 35203
Phone: (205) 324-1212
Fax: (205) 324-1255
kfarris@frplegal.com
cmendenhall@frplegal.com

*Attorneys for Plaintiff*

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY.**

/s/ Kirby D. Farris
Kirby D. Farris